IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT PASSI,<br><br>   Plaintiff,<br><br>vs.<br><br>ILLINOIS BELL TELEPHONE COMPANY<br>d/b/a AT&T Illinois,<br><br>   Defendant. | CASE NO. 15-CV-02794<br><br>JUDGE SAMUEL DER-YEGHIAYAN |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, Robert Passi, by and through his attorneys, Colleen McLaughlin and Elissa Hobfoll of McLaughlin & Hobfoll, for his Complaint, against Defendant, Illinois Bell Telephone Company, d/b/a AT&T Illinois, alleges and states as follows:

**I. INTRODUCTION**

1. Passi (hereinafter "Plaintiff" or "Passi"), works as an hourly non-exempt employee for Defendant, Illinois Bell Telephone Company, (hereinafter "Defendant" or "Illinois Bell") and claims that Defendant did not pay him overtime compensation for all hours worked in excess of 40 in a week, in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*. ("FLSA"), and in violation of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*. (IMWL"). In addition, Plaintiff alleges Defendant did not pay him paid for all hours that he performed work at his straight time rate or at his promised rate in violation of the and the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et. seq*. ("IWPCA").

1

2. Passi has filed a consent and is also a member of a collective action currently pending in this District, *Blakes v. Ill. Bell. Tel. Co.*, Case No. 11-CV-336 ("*Blakes* Action"). Some of Plaintiff's claims in the *Blakes* action were decertified.

3. The *Blakes* action proceeds on a single claim for unpaid overtime for time spent recording hours worked after the end of a shift.

4. After the *Blakes* Action was decertified, Passi was a party Plaintiff to a lawsuit joining numerous Plaintiffs who originally participated in the *Blakes* Action. It was initially filed on February 28, 2014, prior to the effective date of decertification in the *Blakes* Action. *Tinoco v. Ill. Bell. Tel. Co.*, Case No. 14-CV-1456 ("*Tinoco* Action").

5. On March 24, 2015, the *Tinoco* Action was severed and the instant case was initiated. See Doc. 1.

6. In the *Blakes* Action, Passi received a court authorized FLSA 216(b) Notice; advising him of his rights to join the *Blakes* Action. The Notice stated that Illinois Bell Cable Splicers "*were not paid overtime for all hours worked*. [and that] Such alleged unpaid work *includes* working through meal breaks and completing time sheets at the end of the shift." The Notice went on to explain that Passi "may be entitled to 1½ times the appropriate hourly rate, plus additional liquidated damages for each hour worked over 40 in a week for the last three years (from January 17, 2008, through the present)." A copy of the Notice is attached as Exhibit A (emphasis added).

7. In response to the FLSA Notice Passi signed, returned, and filed a FLSA Consent form with the Court. The Consent stated that Passi was seeking to recover "additional wages for the unpaid hours I have worked for the Defendant," Illinois Bell, pursuant to the FLSA.

8. Plaintiff's claim relates back at least two (2) years and potentially three (3) years (if there is a finding of willfulness) (the "relevant time period(s)") from the date of the filing of his Consent

in the *Blakes* Action; August 3, 2011. A Copy of Plaintiff's FLSA Consent Form is attached hereto as Exhibit B.

## II. PARTIES

9.      Illinois Bell is one of largest providers of local telephone service in Illinois and surrounding states. Illinois Bell is and was, at all relevant times, an employer and an enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C. §203(d) and §203(s). Defendant is and was at all relevant times an employer within the definition of 820 ILCS 105/3(c) and 820 ILCS §115/2.

10.     Passi is an individual who, during his relevant time period, was employed by Defendant as a "Cable Splicer." At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. §203(e), 820 ILCS §105/3(d) and 820 ILCS §115/2.

## III. JURISDICTION AND VENUE

11.     This Court has jurisdiction over Plaintiff's claims against Defendant pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. This Court has supplemental jurisdiction over the State Law Claims pursuant to 28 U.S.C. §1367.

12.     Venue is proper in this District as the acts giving rise to this cause of action took place in this District and Defendant regularly conducts business in this District.

## IV. COMMON ALLEGATIONS

13.     During the relevant time period, Passi worked in Illinois Bell's Construction and Engineering Department.

14.     Passi worked at Illinois Bell from February 12, 2004 to the present.

15.     Passi was typically scheduled to work eight (8) hour shifts, plus a one half hour unpaid meal break.

16. Passi started and ended each scheduled shift at an assigned garage.

17. During all relevant times, Passi worked as a Cable Splicer at the Buffalo Grove garage.

18. Dave Murach supervises Passi at the Buffalo Grove garage.

19. Illinois Bell agreed to compensate Passi at a promised rate. It promised to pay him at an overtime rate of one and a half (1.5) times his regular rate of pay for all hours worked in excess of eight (8) during each scheduled shift.

20. Defendant did not require Passi to "punch a clock" to record his hours worked.

21. Rather, Illinois Bell requires Passi to report time by recording a code for the multiple discrete tasks he performed each day. These codes do not account for all hours worked.

22. Illinois Bell does not maintain an accurate record of all hours Passi actually worked in a continuous work day.

23. Illinois Bell did not compensate Passi for all hours and time Passi actually worked in a continuous work day.

24. Defendant permitted, suffered or expected Passi to perform work during his unpaid meal breaks.

25. Defendant's timekeeping systems automatically deducted one half hour from Passi's pay, or recorded work hours, for a meal break or lunch.

26. Passi worked through his unpaid meal breaks to meet Defendant's efficiency expectations, and because he could not break down and reset the job site to eat.

27. Passi regularly performed work during unpaid meal breaks, including, but not limited to, monitoring the job site to, assure equipment was not stolen; to maintain safety, perfrom work underground, oversee open manholes, and driving from job site to job site.

28. Passi typically performed work during unpaid meal breaks at least three (3) days a week.

29. Passi's supervisor was aware that he was performing work during unpaid meal breaks.

30. Passi's supervisor sometimes observed Passi working during unpaid meal breaks

31. Passi frequently heard his supervisor say that overtime hours were not approved regardless of whether the time or work was actually performed.

32. On more than one occasion, Passi told his supervisor that he was unable to take break during the day.

33. On more than one occasion, Passi complained to his supervisor that there was not enough time to do the tasks in the time allotted.

34. Passi felt pressured to work through lunch to ensure that he met Defendant's efficiency goals.

35. On information and belief, Passi's supervisor had to approve all time sheets.

36. Defendant permitted, encouraged, and/or required Passi to work in excess of forty (40) hours per week, but it did not pay for such overtime work.

37. Defendant permitted, encouraged, and/or required Passi to work in excess of eight (8) hours per shift, but it did not pay him at the promised rate for such work.

38. Defendant permitted, encouraged, and/or required Passi to work, but it did not pay him at his regular rate or promised rate such work.

39. Under the FLSA and the IMWL, Defendant was and remains obligated to compensate Plaintiff at a rate of time and one half for all hours worked in excess of forty in any given week.

40. Under the IWPCA, Defendant was and remains obligated to compensate Plaintiff for all hours he works and the rates at which it promised to pay him.

41. Defendant, through the actions of its supervisors, have knowingly, willfully, and/or recklessly, suffered and permitted Plaintiff to perform work for which he has not been paid either at his applicable straight time, or overtime rates in violation of the FLSA, IMWL and IWPCA.

42. As a direct and proximate result of Defendant's deliberate failure to pay for this work, Plaintiff has been damaged in that he has not received wages due to them pursuant to the FLSA, IMWL, and IWPCA.

43. Defendant has made it difficult to account with precision for the unpaid overtime worked by Plaintiff during the liability periods because it did not make, keep, and preserve records of all the hours worked by such employees as required for non-exempt employees pursuant to 29 U.S.C. §211(c).

44. Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff is entitled to recover liquidated damages in an amount equal to the overtime compensation shown to be owed to him that Defendants have failed to pay.

45. Pursuant to the IMWL, 820 ILCS §105/12(a), Plaintiff is entitled to recover statutory damages in the amount of two percent (2%) per month of the amount of overtime compensation shown to be owed to him that Defendants have failed to pay.

46. Pursuant to The IWPCA, 820 ILCS §115/14 Plaintiff is entitled to recover statutory damages in the amount of two percent (2%) per month of the amount of the amount of straight time and promised wages shown to be owed to him that Defendant has failed to pay.

WHEREFORE, Plaintiff, Robert Passi, requests all such relief to which he is entitled, and hereby incorporates as if fully set forth herein,

a) A declaratory judgment that Defendant has violated the overtime provisions of the FLSA;
b) A declaratory judgment that Defendant's violations of the FLSA were willful;
c) A declaratory judgment that Defendant has violated the overtime provisions of the IMWL;

6

d) A declaratory judgment that Defendant's violations of the IMWL were willful;

e) A declaratory judgment that Defendant has violated the wage payment provisions of the IWPCA;

f) A declaratory judgment that Defendant's violations of the IWPCA were willful;

g) An award to Plaintiff of damages in the amount of unpaid overtime compensation to be proven at trial;

h) An award to Plaintiff of liquidated damages in an amount equal to the overtime compensation shown to be owed to him;

i) An award to Plaintiff of statutory damages of two percent (2%) per month of the amount of overtime compensation shown to be owed to him that Defendants have failed to pay;

j) An award to Plaintiff of statutory damages of two percent (2%) per month of the amount of the amount of straight time and promised wages shown to be owed to him that Defendant has failed to pay;

k) An award to Plaintiff of reasonable attorney's fees and costs;

l) An award to Plaintiff of post-judgment interest;

m) An award to Plaintiff of pre-judgment interest; and

n) An award of such other and further relief as this Court deems just and equitable.

Dated: July 30, 2015

McLaughlin & Hobfoll  
1751 S. Naperville Rd., Ste. 209  
Wheaton, IL 60189  
O    630-221-0305  
F    630-221-0706  
colleen@cmmclaw.com  
elissa@cmmclaw.com

Respectfully Submitted,

/s/Elissa J. Hobfoll  
Elissa J. Hobfoll

One of the Attorneys for Plaintiff

7